UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CRISTOBAL ORTIZ,<br><br>    Defendant. | Case No. CR15-43RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)." Dkt. #175. Having considered the motion and the record contained herein, the Court finds as follows:

## I. PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing Exhibit 2 to defendant's motion, and Exhibits 1 through 3 of the government's response. The parties' motions to seal (Dkts. #176, #180) are accordingly GRANTED. The government's motion to file an overlength response (Dkt. #178) is also GRANTED.

## II. BACKGROUND

Defendant is a 32-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Victorville Medium II. On March 10, 2016, defendant pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) and 2. Dkt. #137. On June 2, 2016, the

1   Court sentenced defendant to 120 months' imprisonment and five years of supervised release.
2   Dkt. #158.  Defendant is currently scheduled for release from the custody of the Federal Bureau
3   of Prisons ("BOP") on September 28, 2023.  He now moves for compassionate release.

4   **III.   LEGAL FRAMEWORK**

5           The compassionate release statute provides narrow grounds for defendants in
6   "extraordinary and compelling" circumstances to be released from prison early.  See 18 U.S.C.
7   § 3582(c).  The First Step Act of 2018 amended the procedural requirements governing
8   compassionate release.  See id.  Prior to the First Step Act's passage, only the Director of the
9   BOP could bring motions for compassionate release.  The Director rarely filed such motions.
10  See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019).  Congress
11  amended the statute to allow defendants to directly petition district courts for compassionate
12  release.  As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

13              (c) Modification of an imposed term of imprisonment.—The court may not
14              modify a term of imprisonment once it has been imposed except that—

15                  (1) in any case—

16                      (A) the court, upon motion of the Director of the Bureau of
17                      Prisons, or upon motion of the defendant after the defendant
                        has fully exhausted all administrative rights to appeal a failure
18                      of the Bureau of Prisons to bring a motion on the defendant's
                        behalf or the lapse of 30 days from the receipt of such a
19                      request by the warden of the defendant's facility, whichever
                        is earlier, may reduce the term of imprisonment (and may
20                      impose a term of probation or supervised release with or
21                      without conditions that does not exceed the unserved portion
                        of the original term of imprisonment), after considering the
22                      factors set forth in section 3553(a) to the extent that they are
23                      applicable, if it finds that—

24                          (i) extraordinary and compelling reasons warrant such
                            a reduction;  . . .
25
26                          (ii)  . . .

27                      and that such a reduction is consistent with the
                        applicable policy statements issued by the Sentencing
28                      Commission[.]

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 2

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context.  See 28 U.S.C. § 994(t).  Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.  Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13.  In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant**—
>
> (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is—

    (I)    suffering from a serious physical or medical condition,

    (II)    suffering from a serious functional or cognitive impairment, or

    (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.  **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment.  Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or

1
2
anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3
4
5
3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

6
7
8
9
10
11
12
13
14
15
4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1.  The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

16
U.S.S.G. § 1B1.13.[1]

17
## IV.   DEFENDANT'S CIRCUMSTANCES

18
19
20
21
22
Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A).  The parties agree that defendant satisfied this requirement by filing a request with the Warden of FCI Victorville Medium II on June 18, 2020.  See Dkt. #175-1 (Ex. 1).  Although his request appears to have gone unanswered, more than 30 days have elapsed since it

23
24
25
26
27
28
---
[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding."  Id.  The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement.  Id.

1   was filed.  18 U.S.C. § 3582(c)(1)(A).  Finding that defendant has exhausted his administrative
2   remedies, the Court will consider the merits of his motion for compassionate release.

3       Defendant's motion for compassionate release is based primarily on his heightened risk
4   for developing serious complications if he contracts COVID-19 while incarcerated at FCI
5   Victorville Medium II.  The Court need not reiterate the widely known information regarding
6   the symptoms of COVID-19 and the devastating global impact of the virus.  COVID-19 has
7   created unprecedented challenges for federal prisons, where inmate populations are large and
8   close contact between inmates is unavoidable.  As of October 16, 2020, the BOP reports 1,737
9   federal inmates and 778 BOP staff have active, confirmed positive COVID-19 test results.  See
10  COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited
11  Oct. 16, 2020).  Since the BOP reported its first case in late March 2020, at least 126 federal
12  inmates and two BOP staff members have died from the virus.  Id.  FCI Victorville Medium II
13  currently reports seven inmates and 18 staff with active, positive COVID-19 test results.  Id.
14  BOP has classified 67 inmates and nine staff at FCI Victorville Medium II as "recovered" from
15  the virus.  Id.

16      A review of defendant's BOP medical records confirms that he suffers from several
17  health issues, including essential (primary) hypertension, pulmonary hypertension, and asthma.
18  Dkt. #177 at 28.  Defendant has established that these underlying health conditions may lead to
19  increased risk for severe illness if he contracts COVID-19.  See, e.g., People with Moderate to
20  Severe Asthma, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
21  precautions/asthma.html (last visited Oct. 16, 2020) ("People with moderate to severe asthma
22  may be at higher risk of getting very sick from COVID-19."); People with Certain Medical
23  Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-
24  with-medical-conditions.html (last visited Oct. 16, 2020) (indicating that those with
25  hypertension and pulmonary hypertension may be at an increased risk for severe illness from
26  COVID-19).  The Court finds the combination of defendant's underlying health conditions
27  concerning, but even assuming defendant has met his burden to demonstrate that "extraordinary
28

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 6

1    and compelling" reasons warrant his compassionate release, additional considerations require

2    denial of relief.

3          Prior to granting defendant's motion for compassionate release, the Court must find that

4    he "is not a danger to the safety of any other person or to the community, as provided in 18

5    U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Defendant's record precludes such a finding. Dkt. #179

6    at 20-22. The offenses for which defendant has served the current term of imprisonment are

7    extremely serious, and defendant has a very lengthy and troubling criminal history. See id. at 2-

8    11, 20-22; see also PSR at ¶¶ 33-60. Defendant's prison disciplinary record is imperfect, and

9    includes a concerning infraction in 2016 resulting from a fight while he was in the detention

10   center awaiting sentencing. Dkt. #181 (Ex. 3). The Court commends defendant for engaging in

11   educational programming while in prison, and for expressing a desire to turn his life around so

12   that he can "build a bright future for his kids." Dkt. #167 at 9, 14-39. However, considering

13   defendant's extensive criminal history, the Court remains concerned that if released, he will

14   once again fall into destructive behavioral patterns. Defendant's history outweighs his recent

15   prosocial behavior while in prison, and the Court cannot conclude that he does not pose a

16   continued danger to any other person or the community. U.S.S.G. § 1B1.13.[2] Defendant's

17   motion for compassionate release must therefore be DENIED.

18        **V.   CONCLUSION**

19         For all the foregoing reasons, defendant's motion for compassionate release (Dkt. #175)

20   is DENIED.[3] The parties' motions to seal (Dkts. #176, #180) and the government's motion to

21   file an overlength brief (Dkt. #178) are GRANTED.

22         IT IS SO ORDERED.

23         //

24

25

26       [2] Because the Court has determined that defendant poses a danger to the community, it need not
     further address the factors set forth in 18 U.S.C. § 3553(a). That said, the Court agrees with the
27   government's analysis of the § 3553(a) factors, see Dkt. #179 at 20-21, and concludes that defendant's
     circumstances do not warrant a reduction in sentence.
28
         [3] See also Dkt. #167 (*pro se* motion).

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED this 19th day of October, 2020.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 8