UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>      v.<br><br>CRISTOBAL ORTIZ,<br><br>        Defendant. | Case No. CR15-43RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on defendant's "Motion for Reconsideration of Compassionate Release." Dkt. # 187.[1] Having reviewed the motion, the Court's previous Order (Dkt. # 186), the memoranda of the parties associated with the motion for compassionate release, and the record contained herein, the Court finds as follows:

**I.    BACKGROUND**

Defendant is a 33-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Victorville Medium II. On March 10, 2016, defendant pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) and 2. Dkt. # 137. On June 2, 2016, the Court sentenced defendant to 120 months' imprisonment and five years of supervised release.

---

[1] The Court finds compelling reasons justify sealing the government's memorandum regarding defendant's vaccination status (Dkts. # 189, # 189-1). The government's motion to seal (Dkt. # 188) is accordingly GRANTED.

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 1

Dkt. # 158. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on September 28, 2023.

On September 8, 2020, defendant filed a motion seeking compassionate release under 18 U.S.C. § 3582(c) based on increased risk for complications if he contracts COVID-19 while incarcerated. Dkt. # 175. The Court denied defendant's motion for compassionate release on October 19, 2020. Dkt. # 186. Defendant now moves for reconsideration of his motion for compassionate release. Dkt. # 187. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

## II.   DISCUSSION

Defendant contends that he "may have qualified for relief but for the Court's use of an inapplicable Guideline." Dkt. # 187 at 3. Defendant correctly observes that this Court's Order denying defendant's motion for compassionate release stated: "Prior to granting defendant's motion for compassionate release, the Court must find that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).' U.S.S.G. § 1B1.13. Defendant's record precludes such a finding." Dkt. # 186 at 7. The Ninth Circuit has since held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797, 798 (9th Cir. 2021). Although the Court's previous Order cited U.S.S.G. § 1B1.13 and used the phrase "must find," this Court also explicitly referred to "the guidance of U.S.S.G. § 1B1.13 [as] persuasive, but not binding." Dkt. # 186 at 5 n.1. Moreover, the Court stated in its previous Order that it agreed with the government's analysis of the § 3553(a) factors, which courts consider prior to granting a defendant's motion for compassionate release. Dkt. # 186 at 7 n.2; 18 U.S.C. § 3582(c)(1)(A) (reflecting that a court may modify a term of imprisonment after the defendant has fully exhausted and "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 2

reduction . . ."). In reexamining its previous Order post-Aruda, the Court finds no reason to disturb its ruling denying relief.

Defendant's motion for reconsideration appears to focus on arguing that new legal authority rendered the Court's prior ruling erroneous, not that new facts demonstrate manifest error. See Dkt. # 187 at 1–3 (e.g., "A recent case where the district court denied the defendant's motion for compassionate release on similar grounds requires reconsideration here."). That said, the motion refers to defendant reporting to his counsel that he tested positive for COVID-19 a few months after this Court denied his motion and that he suffers from lingering symptoms, Dkt. # 187 at 3, but no documentation was included to support these allegations. Moreover, the government has offered BOP records documenting that defendant is now fully vaccinated, and that he received his second dose of the Moderna vaccine prior to defendant filing the instant motion for reconsideration. Dkts. # 189, # 189-1. "According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials." United States v. Smith, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (citing Information About the Moderna COVID-19 Vaccine, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html). "Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release." United States v. Nash, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *3 (D. Ariz. May 6, 2021) (citing United States v. Cortez, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) (denying compassionate release because defendant had received vaccine); United States v. Grummer, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021)). At the time of the Court's previous Order denying defendant's motion for compassionate release, FCI Victorville Medium II reported seven inmates and 18 staff with active, positive COVID-19 test results. Dkt. # 186 at 6. As of June 3, 2021, FCI Victorville Medium II reports only one inmate and one staff member with active, positive COVID-19 test results. COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 3, 2021). Given defendant's vaccination, the low infection rate at FCI Victorville Medium II, and the lack of evidence supporting defendant's

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 3

claim that he has suffered lingering effects of COVID-19, the Court finds that defendant has not established "extraordinary and compelling" circumstances to justify compassionate release.

      Even assuming *arguendo*, that defendant has established "extraordinary and compelling" circumstances for compassionate release purposes, the Court's analysis of the § 3553(a) factors leads the Court to conclude that compassionate release is not warranted. The Court may engage in a public safety analysis in the context of the § 3553(a) factors, which include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to adequately deter criminal conduct; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); <u>see also</u> <u>United States v. Grimes</u>, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

      The Court agrees with the government that the nature and circumstances of the offenses were extremely serious. Dkt. # 179 at 20. Defendant was involved in a conspiracy to distribute large quantities of methamphetamine and heroin, and he armed himself to facilitate this scheme. PSR ¶¶ 10–17. Of the four firearms found at defendant's residence, three were determined stolen. PSR ¶ 14. Defendant's three children lived at the residence and were thereby exposed to the risks associated with the combination of narcotics and firearms. <u>Id.</u> Defendant's criminal history and characteristics also weigh against compassionate release. The government accurately summarized that defendant's criminal history includes "convictions for assault, theft, driving under the influence, burglary, firearm possession, reckless endangerment, distribution of heroin, and numerous criminal traffic convictions." Dkt. # 179 at 21; PSR ¶¶ 33–58. Moreover, defendant has a history of escalating situations, fleeing law enforcement, and failing to appear in

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 4

court. See, e.g., PSR ¶¶ 46, 49, 57, 63, 64. Defendant also has been sanctioned for infractions during his incarceration as recently as February 2020. Dkt. # 181 at 125.

Defendant previously admitted that other factors ("Need to Promote Respect for the Law, Provide Just Punishment for the Offense, and Afford Adequate Deterrence. Need to Protect the Public from Further Crimes") are not favorable, but defendant contended that keeping him incarcerated for the remaining time on his sentence—now around 28 months—would not provide that much more value to the public. Dkt. # 175 at 9–10. Ultimately, "considering defendant's extensive criminal history, the Court remains concerned that if released, he will once again fall into destructive behavioral patterns." Dkt. # 186 at 7. The Court already commended defendant for "engaging in educational programming while in prison, and for expressing a desire to turn his life around so that he can 'build a bright future for his kids,'" Dkt. # 186 at 7, but the Court again concludes that defendant's circumstances do not warrant a reduction in sentence.

The Court finds no manifest error in its previous Order denying defendant's motion for compassionate release, and the new legal authority cited by defendant does not merit awarding the relief defendant seeks. Accordingly, defendant's motion for reconsideration must be DENIED.

### III. CONCLUSION

For all the foregoing reasons, defendant's motion for reconsideration (Dkt. # 187) is DENIED. The government's motion to seal (Dkt. # 188) is GRANTED.

IT IS SO ORDERED.

DATED this 11th day of June, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 5